NOT DESIGNATED FOR PUBLICATION

Nos. 129,335
129,336

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS
*Appellee*,

v.

DAREON MONTEZ WEBB,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; MICHAEL A. RUSSELL, judge. Submitted without oral argument. Opinion filed August 7, 2026. Affirmed in part and dismissed in part.

Submitted by the parties for summary disposition pursuant to K.S.A. 21-6820(g) and (h).

Before HILL, P.J., ISHERWOOD and BOLTON FLEMING, JJ.

HILL, J.: Dareon Montez Webb appeals a district court's order revoking his probation and imposing his 64-month prison sentence. Webb acknowledges that he violated the terms of his probation, but argues that his circumstances warranted a second chance on probation. We granted Webb's motion for summary disposition of this appeal under Supreme Court Rule 7.041A (2026 Kan. S. Ct. R. at 48). Finding no abuse of discretion, we now affirm the district court's revocation of Webb's probation and imposition of his prison sentence.

*A plea and a dispositional departure sentence precede a probation revocation.*

Webb pled guilty to possession of methamphetamine with the intent to distribute, a severity level 3 drug felony. The court imposed a suspended 64-month downward dispositional departure prison sentence with 36 months' probation. His terms of probation included a ban on the use of illegal drugs, a prohibition against violating any law, that he must continue to register as an offender, and must pay all assessed fees.

About a year into his probation term, Webb violated his probation conditions by

(1) failing to report as directed;

(2) failing to obtain a substance abuse evaluation as ordered;

(3) using marijuana;

(4) failing to attend an employment program;

(5) failing to take care of active city court warrants; and

(6) failing to pay court fees.

Webb stipulated to violating his probation but asked the court to impose an intermediate sanction rather than revoking his probation and sending him to prison.

After accepting Webb's stipulation, the court found that a probation violation had been established and noted that Webb's sentence was a dispositional departure sentence. The court revoked Webb's probation. In exercising its discretion, the court dispensed with

2

any prison alternative sanction under the rule in K.S.A. 22-3716(c)(7)(B), and imposed his 64-month prison sentence, instead.

On appeal, Webb argues the district court abused its discretion by revoking his probation rather than allowing Webb "the opportunity to participate in treatment while on probation." Webb acknowledges, however, that a district court may revoke probation without an intermediate sanction if the defendant was on probation because of a dispositional departure sentence such as Webb's original sentence.

Based on our review of the record, we find no abuse of discretion by the sentencing court. Webb violated the terms of his probation. His probation term was the result of a dispositional departure sentence. Thus, the district court was well within its authority to revoke Webb's probation under K.S.A. 22-3716(c)(7)(B).

*We dismiss the consolidated appeal.*

This appeal is consolidated with appeal No. 129,336. That second case involves Webb's sentence for his criminal threat conviction. Both of his sentences and probation revocations in this appeal and the second appeal were held on the same day and at the same time. In the second appeal, the court revoked his probation and imposed a modified six-month prison sentence. Because Webb had six months of jail credit, the court credited Webb for time served.

As a result, Webb has already served his sentence in case No. 129,336. This means the appeal in that case is moot because there is no redress this court could offer. Finally, Webb states in his motion for summary disposition that he does not raise any issue in No. 129,336, the second case. We therefore dismiss that appeal.

Affirmed in part and dismissed in part.

3